## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA MARIA LAWS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 23-1339 |
| BOROUGH OF LANSDALE, et al., | : | |
| Defendants. | : | |

**March 12, 2024**                                                   **Anita B. Brody, J.**

## <u>MEMORANDUM</u>

Plaintiff Theresa Laws asserts 42 U.S.C § 1983 claims against the Borough of Lansdale and several Lansdale police officers ("Lansdale Defendants"[1]), as well as tort claims against her neighbor, Scott Gribling. I exercise federal question jurisdiction over Laws's § 1983 claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Laws's state law claims pursuant to 28 U.S.C. § 1367. Both the Lansdale Defendants and the private Defendant, Gribling, move to dismiss Laws's claims under Federal Rule of Civil Procedure 12(b)(6). *See* ECF Nos. 29 and 30. I will grant both Defendants' motions.

---

[1] This Memorandum will use "Lansdale Defendants" in the same way as the Amended Complaint defines the term, which is to include only Defendants Borough of Lansdale, Police Chief Michael B. Trail, Sergeant Amanda North, Sergeant Liam Pyskaty, Police Officer Matthew Erbele, and Police Officer Drew Freed Am. Compl. ¶ 4. Accordingly, as the Amended Complaint defines "Lansdale Defendants," the category does not include three Lansdale-affiliated Defendants identified in the Complaint's caption: Lansdale Police Department; Chris Kunkel, Lansdale's Director of Public Works; and Jason Van Dame, Lansdale's Director of Community Development. *See* ECF No. 1 at 1. Although these three Defendants are named in the caption of the complaint, no claim is brought against either Kunkle or Van Dame, and Lansdale Police Department is not a proper defendant. Therefore, these three Defendants will be dismissed.

## I.   Background

Laws brings this suit on the basis of an extended, decade-long dispute with her neighbor, Scott Gribling. Laws alleges that she repeatedly engaged in the protected activity of making police reports, code violation reports, 911 calls, and correspondence with local officials about her disputes with Gribling. Laws claims that her complaints were largely ignored, and instead charges were filed against her for harassing Gribling. Am. Compl., ECF No. 27, ¶¶ 5–24.

Laws's original complaint, filed on April 6, 2023, was very unclear, focused primarily on Laws's dispute with Gribling yet brought no claim against Gribling, and did not make clear what claims were being brought against whom. *See* ECF No. 1. The Lansdale Defendants and Gribling both moved to dismiss the complaint, and Gribling also moved for a more definite statement. ECF Nos. 4, 16. On November 20, 2023, I granted the Motion for a More Definite Statement, and ordered Laws to file an amended complaint. ECF No. 25. On December 12, 2023, Laws filed her Amended Complaint. ECF No. 27.

In the Amended Complaint, the only possible legally operative factual allegation is that, on February 7, 2021, Defendant Sergeant Amanda North initiated a criminal complaint against Laws for harassing Gribling because of a sign posted on Laws's car. *Id*. ¶ 7. According to North's affidavit of probable cause, the text of the sign on Laws's vehicle read:

CONVICTED CRIMINAL ALERT! A convicted, violent drug offender lurks and stalks on Shaw Ave. He did jail time and is fresh off of probation. He is harassing me filling false claims against my auto insurance policy (that got dropped) and false police reports. This is an individual that killed and ate his pet rabbits that he claimed to love! This is an extremely violent person who beat his girlfriend unmercifully multiple times and remains in a home bought with drug sale proceeds because his sheisty [sic] immoral parents bought it from him for $1 after his arrest to hide it from the state.

Warning!!! Do not go into any house in Lansdale without completing a free criminal background check on the occupants! Do not hire anyone to work inside or outside your home without running their name through this site!

Tell all your friends and family about this!

ECF No. 1-1, Exhibit 1 at 5.[2]

At a preliminary hearing before Magisterial District Judge Edward Levine on April 7, 2021, the harassment charge was dismissed. Am. Compl. ¶ 9. Based on this harassment charge, Laws brings malicious prosecution, First Amendment retaliation, Equal Protection, and Fourth Amendment claims against North as well as several other police officers who do not appear to be directly involved in this incident.[3] *Id*. ¶¶ 52–61, 68–72. Laws also brings state tort claims of malicious

---

[2] Laws attached to her original complaint over 200 pages of exhibits documenting her various disputes and correspondences with Defendants, including North's affidavit of probable cause. *See* ECF No. 1-1. Laws's Amended Complaint did not include the exhibits attached to the original complaint, but the Amended Complaint continues to cite to those exhibits as if they had been re-filed with the Amended Complaint. *See*, *e.g*., Am. Compl. ¶ 38. Because North's affidavit of probable cause is a "document integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), I will consider this affidavit when evaluating Laws's claims that turn on the absence or presence of probable cause.

[3] Laws "concedes that Defendant North is primarily responsible for the false arrest and malicious

prosecution and false arrest against Gribling based on the same February 7, 2021 harassment charge, alleging that Gribling gave a false report to North. *Id.* ¶¶ 73–75.

Laws also asserts § 1983 municipal liability claims under *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978) ("*Monell*") against the Borough of Lansdale, alleging that the Borough and the Lansdale Police Department have a pattern and practice of not investigating complaints and failing to train its officers to avoid constitutional violations. *Id.* ¶ 23.

Defendants contend that Laws's Amended Complaint should be dismissed because Laws failed to state a claim upon which relief can be granted.[4] I agree.

## II.    Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

prosecution" relating to her February 2021 harassment charge, but she argues that the other defendants are "secondarily responsible." ECF No. 31 ¶¶ 18–19.
[4] The Lansdale Defendants also raise qualified immunity arguments. *See* ECF No. 29 at 16.

555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must engage in the following analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted). Thus, a court may consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## III.   Discussion

Laws seems to bring various § 1983 claims against individual Lansdale police officers (Counts I, II, and V), § 1983 municipal liability claims (Counts III and IV),

and tort claims against Gribling (Count VI). The Amended Complaint alludes to numerous incidents spanning over a decade involving Laws complaining to the police about Gribling and vice versa. *See, e.g.*, Am. Compl. ¶¶ 16, 34–37, 48–51.

There is a two-year statute of limitations on all of Laws's claims.[5] The complaint in this action was filed on April 6, 2023, and therefore allegations arising prior to April 6, 2021 are barred. The applicable two-year statute of limitations for Laws's February 7, 2021 harassment charge did not accrue until the date of acquittal, April 7, 2021. *See* Am. Compl. ¶¶ 7, 19, 21; *Rose v. Bartle*, 871 F.2d 331, 348 (3d Cir. 1989) ("[T]he statute of limitations for a section 1983 malicious prosecution claim does not begin to run until the underlying criminal proceedings are terminated in the plaintiff's favor."). Accordingly, claims arising from that harassment charge are timely.

Although Laws's Amended Complaint might be dismissed for failing to comply with the *Twombly* and *Iqbal* pleading standards, *see Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678, because of the serious nature of the constitutional violations Laws attempts to articulate, I will evaluate each Count in turn. Yet, even accepting all of Laws's factual allegations as true and construing Laws's Amended

---

[5] An action brought pursuant to § 1983 is subject to the statute of limitations for personal injury actions in the state in which the claim arises, which in Pennsylvania is two years. *See* 42 Pa.C.S.A. § 5524; *Kost v. Kozakiewicz*, 1 F.3d 176, 189–90 (3d Cir. 1993). The malicious prosecution and false arrest claims brought against Gribling (Count VI) are also subject to a two-year statute of limitations. 42 Pa.C.S.A. § 5524(1).

Complaint in the light most favorable to her, there is no reasonable reading of Laws's Amended Complaint that could support Laws's entitlement to relief. *See Phillip*s, 515 F.3d at 231. Accordingly, I will grant Defendants' Motions to Dismiss the Amended Complaint (ECF Nos. 29 and 30).

### A. Count I: Section 1983 - Individual Capacity

Count I, entitled "Malicious Prosecution, First Amendment Retaliation, Equal Protection," alleges that Defendants Police Chief Michael B. Trail, Sergeant Amanda North, Sergeant Liam Pyskaty, Police Officer Matthew Erbele, and Police Officer Drew Freed acted "under color of state law" and their "actions did result in the deprivation of Plaintiff's constitutional right or federal statutory rights, under the 1st, 4th, and 14th Amendments to the U.S. Constitution." Am. Compl. ¶ 53.

### i.   Malicious Prosecution

Laws alleges that on February 7, 2021, Defendant North, "acting in concert with Defendant Gribling, did endorse and assist in the false report making, and under color of law, officially initiated criminal charges against Plaintiff for the crime of Harassment, 18 Pa.C.S. § 2709 (a)(3)&(7), in violation of Plaintiff's rights under the 4th Amendment to the U.S. Constitution." *Id*. ¶ 39. On April 7, 2021, the charges were dismissed. *Id.*; ECF No. 1-1, Exhibits 13–14. There is no allegation that Laws was arrested or detained in connection with this charge.

A Fourth Amendment malicious prosecution claim brought pursuant to § 1983

requires that: (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) defendants acted maliciously or for a purpose other than bringing plaintiff to justice; and (5) plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Lozano v. New Jersey*, 9 F.4th 239, 247 (3d Cir. 2021).[6]

Laws has failed to meet the third and fifth elements of a Fourth Amendment malicious prosecution claim, and thus this claim fails. Laws cannot substantiate the absence of probable cause, and the presence of probable cause is fatal to Laws's malicious prosecution claim. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1726 (2019) ("It has long been 'settled law' that malicious prosecution requires proving 'the want of probable cause.'") (citation omitted). Moreover, there is no allegation that the harassment charge led to Laws's arrest or a "deprivation of liberty consistent with

---

[6] The Amended Complaint is inconsistent about whether the malicious prosecution claim is brought pursuant to the Fourth Amendment or pursuant to state tort law. *See* Am. Compl. ¶ 53 (alleging Defendants "commit[ted] the intentional torts of malicious prosecution under Pennsylvania civil rights law"). Prior to the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994), in the Third Circuit, "a plaintiff alleging a section 1983 claim for malicious prosecution would be required only to show the elements of the common law tort." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir. 2000); *see Lee v. Mihalich*, 847 F.2d 66, 69–70 (3d Cir.1988). *Albright* rejected the "expansive approach" employed by the Third Circuit, under which "the elements of a malicious prosecution action under § 1983 are the same as the common-law tort of malicious prosecution." 510 U.S. at 271 n.4, 275. Accordingly, under current law, a § 1983 malicious prosecution claim grounded in state tort law is unavailable, and to bring such a claim within the ambit of § 1983, "a plaintiff bringing a malicious prosecution claim must allege a claim based on explicit constitutional text." *Gallo v. City of Philadelphia*, 161 F.3d 217, 221 (3d Cir. 1998). Therefore, I will construe Laws's § 1983 malicious prosecution claim as grounded in the Fourth Amendment.

the concept of 'seizure.'" *See Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998).

"Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers,* 308 F.3d 251, 255 (3d Cir. 2002). Probable cause "requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482–83 (3d Cir. 1995). Although "[t]ypically, the existence of probable cause in a section 1983 action is a question of fact," a court "may conclude in the appropriate case . . . that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997).

Laws's Amended Complaint and her attached Exhibits[7] establish that probable cause did exist to charge her for harassment under 18 Pa. Cons. Stat. Ann. § 2709(a)(3) and § 2709(a)(7). The harassment statute provides, in relevant part:

(a) OFFENSE DEFINED. — A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

---

[7] As discussed, the Amended Complaint did not include the exhibits attached to the original complaint, but the Amended Complaint continues to cite to those exhibits as if they had been re-filed with the Amended Complaint. I will consider these exhibits where "integral to or explicitly relied upon in the complaint." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

...
(3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose;
(4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;
(5) communicates repeatedly in an anonymous manner;
(6) communicates repeatedly at extremely inconvenient hours; or
(7) communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

18 Pa. Cons. Stat. Ann. § 2709(a)(3)–(7). Although specific discussion of the incident that led to the harassment charge was omitted in the Amended Complaint, the exhibits attached to the original complaint clarify that the harassment charge was instigated because Laws placed a sign on her car that referenced Gribling's alleged conduct and criminal history. *See* ECF No. 1-1, Exhibit 1. Accompanying the February 7, 2021 harassment complaint, Defendant North submitted a detailed affidavit of probable cause that included the text of the sign placed on Laws's vehicle. *Id.* at 5. The affidavit noted that "[t]here has been multiple reports where Theresa [Laws] has been harassing Scott [Gribling] regarding his arrest and posting his criminal history on her residence and vehicle." *Id*. North also noted that Laws was cited several years earlier for a very similar incident involving her posting a disparaging sign about Gribling on her car. *Id*. Given the alleged earlier incidents and the lack of any "legitimate purpose" of her conduct, the circumstances amounted to probable cause that Laws violated the harassment statute on the basis of her repeated acts and communications. *See* 18 Pa. Cons. Stat. Ann. § 2709(a)(3), (a)(7).

Laws argues that the dismissal of the harassment charge at a preliminary hearing supports her assertion that probable cause was lacking. *See* Am. Compl. ¶¶ 8–9, 21. But absence of probable cause is not conclusively established by such a dismissal, or by an adjudication of not guilty in a prior proceeding. *See Turano v. Hunt*, 631 A.2d 822, 824 (Pa. Cmwlth. 1993). *See also Wright v. City of Philadelphia*, 409 F.3d 595, 603 (3d Cir. 2005) (observing that probable cause standard does not require officers to correctly resolve credibility determinations or conflicting evidence).

While a district court ruling on a motion to dismiss generally may not consider matters extraneous to the pleadings, North's affidavit of probable cause is a "document integral to or explicitly relied upon in the complaint" because many of Laws's claims turn on the absence or presence of probable cause. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Therefore, North's affidavit will be considered here, and the affidavit is sufficient to demonstrate that the harassment charge was supported by probable cause. The evidence, viewed most favorably to Laws, would not reasonably support a contrary finding. *See Sherwood*, 113 F.3d at 401. Therefore, Laws has failed to state a claim for malicious prosecution.

### ii.    First Amendment Retaliation

Laws alleges that Defendants police officers Trail, North, Pyskaty, Erbele,

and Freed retaliated against her for her protected conduct of, *inter alia*, making police reports and calling 911. Am. Compl. ¶ 54. "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (citation omitted). To state a First Amendment retaliation claim, a plaintiff must show that (1) that she engaged in constitutionally protected conduct; (2) she was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. *L. H. v. Pittston Area Sch. Dist.*, 666 F. App'x 213, 216 (3d Cir. 2016). Plaintiffs generally must also show the absence of probable cause. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1726 (2019).

As relevant for the first two elements, Laws alleges that she engaged in the protected activity of "making police reports, complaints, code violation reports, 911 calls, and correspondence with her local government," and she was subjected to adverse action in the form of a harassment charge. Am. Compl. ¶¶ 24, 54–55. However, Laws has failed to allege that those instances of protected activity were a substantial motivating factor in her harassment charge.

Moreover, the harassment complaint against Laws was supported by probable cause. The presence of probable cause is fatal to Laws's First Amendment retaliation

claim.[8] Laws was charged with violating Pennsylvania's harassment statute, 18 Pa. Cons. Stat. Ann. § 2709, when she displayed disparaging information about Gribling after reports of her having done so previously. *See* ECF No. 1-1, Exhibit 1; ECF No. 29 at 15–16. This harassment statute applies when a person has "intent to harass, annoy or alarm another" person. 18 Pa. Cons. Stat. Ann. § 2709(a). The First Amendment does not provide protection where, as here, a statute includes the "requirement of a specific intent to harass." *Yoast v. Pottstown Borough*, 437 F. Supp. 3d 403, 419 (E.D. Pa. 2020), *aff'd*, No. 22-1960, 2023 WL 4418213 (3d Cir. July 10, 2023); *Haagensen v. Pennsylvania State Police*, 490 F. App'x 447, 452–53 (3d Cir. 2012). Therefore, because Laws was charged not for protected speech but rather for taking actions against her neighbor "with the specific intent to harass," her conduct was not protected by the First Amendment as a matter of law, and this claim fails.

### iii. Equal Protection

Laws's Equal Protection claim also fails. To meet the prima facie elements of

---

[8] The existence of probable cause "generally defeat[s] a First Amendment retaliatory arrest claim." *Nieves*, 139 S. Ct. at 1726; *Falcone v. Dickstein*, 92 F.4th 193, 210 (3d Cir. 2024). In *Nieves*, the Supreme Court carved out a narrow exception wherein a plaintiff need not establish the absence of probable cause "where officers have probable cause to make arrests, but typically exercise their discretion not to do so." 139 S. Ct. at 1727. For this exception to apply, a plaintiff must present "objective evidence that [she] was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.*; *Falcone*, 92 F.4th at 211. Here, Laws has not made such a showing regarding similarly situated individuals, and therefore, the presence of probable cause is fatal to her First Amendment claim.

a § 1983 equal protection claim, Laws must allege that she was: (1) a member of a protected class; (2) similarly situated to members of an unprotected class; and (3) treated differently from members of the unprotected class. *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005); *Oliveira v. Twp. of Irvington*, 41 Fed. Appx. 555, 559 (3d Cir. 2002). Laws has failed to allege in the Amended Complaint that she is a member of a protected class, though exhibits attached to the original complaint show that Laws has accused law enforcement of ignoring her complaints against Gribling because she is Black and he is white. *See, e.g.*, ECF No. 1-1, Exhibits 6 and 21. But Laws has not alleged any facts to show that she was the victim of purposeful discrimination or that she was treated differently because of a protected characteristic, and therefore this claim fails.

### B. Count II: Section 1983 – Supervisory Defendants in Individual Capacity

Count II, entitled "Section 1983 – Supervisory Defendants in Individual Capacity," alleges that Defendants Trail, North, and Pyskaty acted under color of state law to deprive Laws of her rights under the First, Fourth, and Fourteenth Amendments through their actions or omissions. Am. Compl. ¶¶ 56–61. Under § 1983, supervisors "are liable only for their own unconstitutional actions," *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 319 (3d Cir. 2014), *cert. granted, judgment rev'd sub nom. on other grounds, Taylor v. Barkes*, 575 U.S. 822 (2015), and thus a "defendant in a civil rights action must have personal involvement in the alleged

wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged." *Barkes*, 766 F.3d at 319.

The three Defendants named in Count II as "supervisory defendants" are also named in Count I for the same alleged violations. Therefore, it is unclear how the claims in Count II are distinct from Count I. As discussed above regarding Count I, Laws's allegations do not state a claim for malicious prosecution, First Amendment retaliation, or an Equal Protection violation. Accordingly, Count II likewise fails to state a claim.

### C. Counts III and IV: Monell - Policy, Practice, or Custom, and Failure to Train

In Counts III and IV, Laws asserts § 1983 municipal liability claims under *Monell*. *See* Am. Compl. ¶¶ 62–67. Count III alleges that Lansdale Defendants are responsible for a "widespread practice or custom" of non-investigation of her complaints, which deprived Laws of her rights under the First, Fourth, and Fourteenth Amendments, as well as "her right to be free from a false arrest and prosecution without adequate probable cause." *Id*. ¶¶ 63–64. Count IV alleges that "Lansdale Defendants are responsible for the training or lack of training policies of the Defendant Lansdale Police Department, which were not adequate to prevent the deprivation of Equal Protection, the First Amendment freedom of speech retaliation, and violations of Plaintiff's rights under the 4th Amendment." *Id*. ¶ 66.

"It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *Mulholland v. Gov't Cnty. of Berks, Pa*., 706 F.3d 227, 238 n.15 (3d Cir. 2013); *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (if a municipal employee "inflicted no constitutional injury on [plaintiff], it is inconceivable that [the municipality] could be liable"). As Laws has failed to show any underlying violation of her rights, she cannot make out a *Monell* claim, and therefore Counts III and IV fail as a matter of law.

## D. Count V: Section 1983 against Defendant North and Lansdale Defendants

Count V, entitled "Section 1983 against Defendant North and Lansdale Defendants," alleges that North deprived Laws of "her right to be free from searches and seizures without probable cause, in violation of the 4th Amendment." Am. Compl. ¶ 69. This Count appears to duplicate Count I—also alleged against North—relating to the malicious prosecution claim. As discussed above, there was no Fourth Amendment violation because there was probable cause for the harassment charge and there is no allegation that Laws was arrested in connection with the harassment charge.

## E. Count VI: State claims against Defendant Gribling

Count VI alleges state law claims of malicious prosecution and false arrest against Laws's neighbor, Scott Gribling, for "causing criminal proceedings and summons to be issued against Plaintiff, knowing and intentionally lacking in

16

adequate probable cause, and with malicious intent to harm Plaintiff." Am. Compl. ¶ 74. Laws alleges that "[a]s a direct and proximate result of the actions and conduct of Defendant Gribling, Plaintiff suffered emotional distress, grief, frustration, humiliation and psychological harm." *Id*. ¶ 75.

As discussed above, malicious prosecution requires a lack of probable cause. In order to state a claim against a private person for initiating criminal proceedings, a plaintiff must show that the private person's "desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false." *Braswell v. Wollard*, 243 A.3d 973, 979 (Pa. Super. Ct. 2020).

Here, there is no allegation in the Amended Complaint that Gribling's desire to have proceedings initiated against Laws was the determining factor in North's decision to cite Laws for harassment. *See* ECF No. 30 at 5. Laws also does not allege what information, if any, was falsely provided to police by Gribling that led North to file charges against her. Therefore, this claim fails.

The false arrest claim also fails as a matter of law. Under Pennsylvania law, false arrest consists of "1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so." *Russoli v. Salisbury Twp*., 126 F. Supp. 2d 821, 869 (E.D. Pa. 2000) (citation omitted). A private party may be liable for false

17

arrest if they "indirectly caused an arrest by making a false report." *Braswell*, 243 A.3d at 980. Here, Laws does not allege that she was arrested or detained, and the harassment charge against her was supported by probable cause and therefore was not unlawful.

## IV.   Conclusion

Laws's Amended Complaint fails to state a claim upon which relief can be granted. Many of Laws's claims turn on the existence of probable cause for the harassment complaint brought against her by Defendant North. As North had probable cause to charge Laws with harassment and Laws was not detained, Laws's malicious prosecution claim (Count I), First Amendment retaliation claim (Count I), and Fourth Amendment search and seizure claim (Count V) fail as a matter of law, as do the tort claims brought against Gribling (Count VI). Moreover, Laws fails to establish a prima facie case for an Equal Protection violation (Count I), supervisory liability (Count II), or municipal liability (Counts III–IV).

Additionally, no cause of action is asserted against two of the Defendants identified in the Complaint's caption: Chris Kunkel, Lansdale's Director of Public Works and Jason Van Dame, Lansdale's Director of Community Development. Another Defendant, Lansdale Police Department, is not a proper defendant as it is not a separate suable entity.[9] These three defendants will be dismissed from the suit.

---

[9] A plaintiff cannot assert a § 1983 claim against a police department because, although

Accordingly, the Lansdale Defendants' Motion to Dismiss (ECF No. 29) and

Gribling's Motion to Dismiss (ECF No. 30) will be granted and all of Laws's claims

will be dismissed.


<u>s/ANITA B. BRODY, J.</u>
ANITA B. BRODY

---

municipalities and townships may be liable under § 1983, a police department is "merely an arm of the Township" in which it is located. *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).